# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICKEL A. THOMAS,

    Plaintiff,

v.

CAPTAIN VANESSA MASSEY; CAPTAIN RANDY AUSTIN; MAJOR MICHAEL HEATH; COLONEL JUDY LOWE; and NURSE TAWANA HALL,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-132

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order of September 24, 2015. (Doc. 3.) For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims **without prejudice** for failure to follow this Court's Order and failure to prosecute. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND**

On September 3, 2015, Plaintiff, proceeding *pro se*, filed a Complaint contesting certain conditions of his confinement while housed at Glynn County Detention Center in Brunswick, Georgia. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed *in forma pauperis*. (Doc. 2.) The Court granted that Motion on September 24, 2015. (Doc. 3.) In that Order, the Court ordered Plaintiff to immediately inform this Court in writing of any change in his address. (Id. at p. 3.) The Court emphasized that, should Plaintiff fail to comply with this directive, the Court would dismiss his case. Id. On January 12, 2016, the Court issued a Report and

Recommendation in this action, which the Clerk of the Court mailed to Plaintiff at his last known place of residence, the Glynn County Jail. (Doc. 9.) However, the mail was returned as undeliverable because Plaintiff was no longer at the Glynn County Jail. (Doc. 10.) In addition, the Glynn County Undersheriff wrote a letter to the Court informing it that Plaintiff was no longer detained at the Jail, as he had been released on November 23, 2015. (Doc. 11.) In the more than two months since his release, Plaintiff has not made any effort to inform the Court of his whereabouts.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims and **DENY** Plaintiff leave to appeal *in forma pauperis*.

### I. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to update his address would result in dismissal of this action. (Doc. 3, p. 3.)

1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint);

Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). With Plaintiff having failed to inform the Court of his change of address or his current whereabouts, the Court has no way to communicate with him and cannot proceed in this case. Moreover, Plaintiff was given ample notice of the consequences of his failure to follow the Court's Order, and Plaintiff has not made any effort to do so. Indeed, Plaintiff has not taken any action in this case since October 27, 2015.

Thus, the Court should **DISMISS** Plaintiff's Section 1983 Complaint, (doc. 1), **without prejudice** for failure to prosecute and failure to follow the Court's Order and **CLOSE** this case.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Petitioner leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.

1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included and specifically denoted. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A party should not raise arguments in Objections that it failed to raise previously. A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of February, 2016.

---
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA